NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DARLIN XIOMARA CALDERON-LOPEZ DE RODRIGUEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-4151 <br><br> Agency Nos. <br> A220-151-800 <br> A220-151-801 <br> A220-151-802 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024[**]
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.[***]

Darlin Xiomara Calderon-Lopez De Rodriguez and her two children petition

for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

from the immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where the BIA provides its own reasoning, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020) (citation omitted). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we will reverse a factual finding only if "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. ***Asylum and Withholding of Removal.*** "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). For asylum, the petitioner must show that her protected ground "was or will be at least one central reason" for her past or feared future persecution. *Barajas-*

---

[1]Calderon-Lopez's two children are derivative beneficiaries of their mother's asylum application.

*Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (emphasis omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). And for withholding of removal, the petitioner must establish that her protected ground is "a reason" for her persecution. *Id.* (emphasis omitted) (quoting 8 U.S.C. § 1231(b)(3)(C)).

Substantial evidence supports the BIA's conclusion that Calderon-Lopez failed to establish a reasonable fear of persecution on account of a protected ground. Calderon-Lopez asserted she was persecuted based on her membership in two particular social groups: (1) former police officers and (2) former government employees. The BIA did not address whether these groups are cognizable, and instead concluded that Calderon-Lopez failed to establish the requisite nexus between the harm she fears and her asserted protected grounds because she has not proven that the perpetrators were motivated by anything other than generalized crime. The BIA's conclusion is consistent with the record, including Calderon-Lopez's testimony that she believed the perpetrators harmed her for criminal reasons.

2.     ***CAT.*** For CAT relief, the petitioner "must show that it is 'more likely than not that . . . she would be tortured if removed.'" *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting 8 C.F.R. § 208.16(c)(2)). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with

the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Calderon-Lopez argues that the BIA erred in failing to properly credit a country report showing that the Guatemalan government is aware of illegal activities, including torture of innocent parties, but has failed to intervene or prevent such activity. Because the BIA adopted the IJ's decision with direct citation to the IJ's discussion of the report, we conclude that the IJ and BIA properly considered this evidence. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) ("Where, as here, the BIA incorporates parts of the IJ's reasoning as its own, we treat the incorporated part as the BIA's.") (citing *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)).

The IJ considered the country report and noted that it "indicates that the Guatemalan government has investigated alleged incidents of political violence, police corruption, violence against women, and other improper or illegal activities." Based on this evidence, the IJ determined that "the Guatemalan government has made concrete efforts holding government officials responsible for wrongdoings and they are not acquiescing to torture by government officials." This finding is consistent with the record and Calderon-Lopez's testimony that Guatemalan officials arrested and prepared to prosecute one of the perpetrators who assaulted and stole from her.

Additionally, "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." Instead, there must be evidence that the police are unable or unwilling to oppose the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Because Calderon-Lopez presents no such evidence, the record does not compel a determination that the BIA erred in denying Calderon-Lopez's CAT claim.

**PETITION DENIED.**